CALLISTER NEBEKER & MCCULLOUGH
JEFFREY L. SHIELDS (2947)
MARK L. CALLISTER (6709)
ZACHARY T. SHIELDS (6031)
MICHAEL D. STANGER (10406)
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, Utah 84133
Telephone: 801-530-7300
Facsimile: 801-364-9127
jlshields@cnmlaw.com
mcallister@cnmlaw.com
zachshields@cnmlaw.com
mstanger@cnmlaw.com

Attorneys for Plaintiff Bruce R. Wisan, as the Court-Appointed
Special Fiduciary of the United Effort Plan Trust

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,<br><br>Plaintiffs,<br><br>v<br><br>BRUCE R. WISAN, Special Fiduciary of the United Effort Plan trust; MARK SHURTLEFF, Attorney General for the State of Utah, TERRY GODDARD, Attorney General for the State of Arizona; and DENISE POSSE LINDBERG, Judge of the Third Judicial District court of Salt Lake County, State of Utah,<br><br>Defendants. | **AFFIDAVIT OF BRUCE R. WISAN**<br><br>Case No. 2:08-cv-772-DB<br><br>Judge Dee Benson |

STATE OF UTAH            )
                         ) ss
COUNTY OF SALT LAKE      )

I, Bruce R. Wisan, declare under criminal penalty of the State of Utah that the following is true and correct:

1. I am over the age of 21 and competent to testify, and have personal knowledge of the facts set forth herein.

2. I am the Court-Appointed Special Fiduciary of the United Effort Plan Trust ("UEP" or "Trust" or "UEP Trust").

3. In my role as Court-Appointed Special Fiduciary, I have made numerous investigations and attended countless meetings dealing with UEP affairs. I have also reviewed numerous pleadings and documents, participated in court hearings, and attended depositions in matters involving Trust administration. I have extensive knowledge of matters involving Trust administration since my appointment in June 2005. I have filed numerous reports with the Court to keep the Court and parties informed of matters during my administration.

4. Prior to my appointment, the Trustees of the Trust, some who are/were also holders of positions of authority in the FLDS Church, intentionally and knowingly abandoned the Trust.

5. I have read the Affidavit of Willie Jessop in Support of Motion for Temporary Restraining Order and Preliminary Injunction dated November 2, 2008 ("Willie Jessop Affidavit"). Many statements in the Willie Jessop Affidavit are not true, are not complete, or are not based on the personal knowledge of Willie Jessop.

550835-1

2

6. Since my appointment as Special Fiduciary, Willie Jessop has never served as a Trustee of the Trust, an Advisory Board member, or held any office in connection with Trust administration.

7. Since my appointment, the Trust and the FLDS Church have always been separate entities.

8. I have never attempted to exercise any control, authority, or make any decisions for the FLDS Church. I have also never made any religious decisions or determinations for members or former members of the FLDS faith.

9. Pursuant to the Reformed Trust and order of the Court, and pending the appointment of new board of trustees, I exercise all the authority of the Trust. The Court has appointed an Advisory Board with whom I consult regularly. The Advisory Board provides substantial input and suggestions about how to administer the Trust. However, at this time the Advisory Board has no power or authority to exercise the duties of trustees.

10. Pursuant to the Reformed Trust, I have duties to all of the Trust Participant group which is a much broader group than just the Plaintiffs in this case. Particularly, the Trust Participants includes individuals who have donated resources, time or consecrated any property to the FLDS Church or the UEP Trust. Many Trust Participants have never been and are not now members of the FLDS Church or any derivation of that Church.

11. I have never proclaimed myself to be the SOB – State Ordained Bishop.

12. I have been called an "SOB" by others and then had it explained to me that "SOB" could also mean "State Ordained Bishop." I do not appreciate being referred to as an SOB, and I do not use the term to mock the FLDS Church or my appointment as Special

Fiduciary. I take my appointment seriously and sincerely try to do my duties as ordered by the Third Judicial District Court of the State of Utah.

13. The allegation that I have engaged in a systematic attack of the farms, ranches, businesses and communities to disseminate the people and assets of the Short Creek community is not true.

14. I have never legally evicted any person from any home or business during the entire time of my administration of the Trust. Because of some people's failure to comply with the orders of the Court, pay taxes and/or to pay occupancy fees, there may come a time when I am forced to use the legal eviction process. To date, however, I have not done so. On several occasions, people have voluntarily moved when it was brought to their attention that they were living in a house where the rightful occupant had requested a return of possession.

15. In administering the Trust, I do not consider the religion of the people in making my decisions. Many of the people who claim to be associated with the FLDS refuse to deal with me, communicate with me, or file petitions in accordance with the procedures of the Reformed Trust. Accordingly, the perception of inequity is a function of those who are unwilling to recognize the reformation of the Trust.

16. I could not perform my duties as Fiduciary under the Reformed Trust if I were required to act other than neutral toward religion.

17. Shortly prior to my appointment, millions of dollars of real property had been conveyed from the Trust to and/or for the benefit of certain insiders for no or nominal consideration. Following my appointment, I was successful in recovering most of the real estate

and some cash for the benefit of the Trust. This property included the Apple Valley raw land and the Western Precision building.

18. Following my appointment I was also successful in having the Trust obtain ownership of two legal entities which control the Harker Farm. The Harker Farm is located in Iron County, Utah, and is valued in the range of $4-5 million.

19. In total, I have recovered approximately $9-10 million in assets for the Trust which did not belong to the Trust when my appointment commenced. Although I have been successful in paying a portion of the professional obligations incurred by the Trust, at the present time there is close to $4 million which is due and owing to professionals over a three-year period of time.

20. It is a severe hardship for the professionals in this case to work without compensation. I am desperate to start paying such professionals.

21. A significant amount of the professional fees and costs which have been incurred are for the purpose of defending against legal attacks commenced by Plaintiffs and similarly situated persons who refused to abide by the Trust reformation.

22. Before deciding to sell Berry Knoll Farm, I investigated the facts and sought specific input on the best use of the Farm. Specifically, I requested the persons who had operated the Farm in the past to do so again. They flatly refused. At no time during this investigation did anyone ever mention that the Berry Knoll Farm was an alleged sacred temple site.

23. It was only after I found a third party to lease the property and signed a written lease that the Warren Jeffs adherents began violating the lessee's rights and trying to take control of the Berry Knoll Farm property.

24. The Berry Knoll Farm has never been the "bread basket" of the Short Creek community.

25. Under the current proposed sale of Berry Knoll Farm, interested parties have the right to out bid the current offeror if they desire to preserve the land for "sacred" purposes.

26. Judge Lindberg has determined that the best way to determine the best price and avoid religious discrimination is to allow the property to be sold to the highest bidder.

27. The allegation that members of the Advisory Board are biased against the FLDS Church is not true. Willie Jessop has never attended an Advisory Board meeting. I have attended every meeting. The Advisory Board members serve at great personal sacrifice and for very little compensation. Most Advisory Board members have family and friends that are residents of the Short Creek community. The Advisory Board members share their wisdom and experience to attempt to bring the rule of law to the Short Creek community.

28. I have repeatedly announced that religion will not be a factor in determining who qualifies for distributions from the Trust. No one will be required to "forswear any intention ever to consecrate the property to the FLDS Church" as a condition to receiving distributions. That allegation is patently false.

29. In one of our earlier meetings, Willie Jessop stated that he wanted a deed to his home and wanted to give the deed to an FLDS entity. When I agreed to that proposal, he changed his position and now claims that his religion prohibits him from accepting a deed.

30. I have never attempted to exercise any religious rights or duties in my role as Fiduciary. I have never indicated that I have the power, authority, desire, or intention to proclaim doctrine, administer ordinances or do anything of a religious nature.

31. One of the reasons I have pursued a subdivision of Trust property is to allow for the UEP to collect taxes, occupancy fees and ultimately distribute property. At the present time, multiple residences are located on one tax parcel. The failure of one resident to pay taxes could result in a tax sale for the other residents who faithfully pay their taxes. One of my Court appointed duties is to collect taxes and pursue remedies against those who will not, including depriving them of the opportunity to live on Trust property. The subdivision is essential in order to accomplish that responsibility. Judge Shumate recently ruled that subdivisions can be recorded subject to the resolution of the motion for temporary restraining order filed in this case. Failure to have an enforceable remedy for collection of taxes will likely result in the loss of that property to tax sale.

32. I have no intention or desire to destroy Trust Participants' lives, businesses, homes, etc. My desire and intent is to fulfill my Court appointed duties which includes acting in a religiously neutral manner. The Plaintiffs and other control groups make that difficult, but I continue to do my best.

33. The vast majority of the assets owned by the UEP Trust are residential homes. My ultimate goal is to distribute homes based on the factors set forth in the Reformed Trust. Certain people and groups, including the Plaintiffs, appear to want to control the distribution of the property in a religiously discriminatory manner. Such ideology is patently inconsistent with the Reformed Trust.

34. Hundreds, possibly thousands, of people have relied upon the Reformed Trust to waive rights and to file petitions and await implementation of the entire Reformed Trust. Any attempt to stay or un-reform the Trust would be severely detrimental to those persons.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 9th day of November, 2010.

By: _____
Bruce R. Wisan

On November 9th, 2010, before me, the undersigned Notary Public in and for said State, personally appeared Bruce R. Wisan, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same.



_____
Notary Public

550835-1

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **AFFIDAVIT OF BRUCE R. WISAN** was served via the Court's CM/ECF electronic filing system, on November 9, 2010. A copy of the Court's Electronic Mail Notice List is attached.

/s/ Jeffrey L. Shields

# Mailing Information for a Case 2:08-cv-00772-DB

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **James C. Bradshaw**
  jim@brownbradshaw.com,carol@brownbradshaw.com,michelle@brownbradshaw.com

- **Stephen C. Clark**
  sclark@joneswaldo.com,msorenson@joneswaldo.com,aarmstrong@joneswaldo.com

- **Frederick M. Gedicks**
  gedicksf@lawgate.byu.edu,intakeclerk@scmlaw.com

- **Ryan M. Harris**
  rharris@joneswaldo.com,khess@joneswaldo.com

- **Randy S. Hunter**
  randyhunter@utah.gov

- **Jerrold S. Jensen**
  jerroldjensen@utah.gov,scornell@utah.gov

- **Kenneth A. Okazaki**
  kokazaki@joneswaldo.com

- **Rodney R. Parker**
  rparker@scmlaw.com,intakeclerk@scmlaw.com

- **William A. Richards**
  bill.richards@azag.gov,connie.lopez@azag.gov,charlotte.haught@azag.gov

- **Bridget K. Romano**
  bromano@utah.gov,peggywheeler@utah.gov,federalcourt@utah.gov

- **Jeffrey L. Shields**
  jlshields@cnmlaw.com,njpotter@cnmlaw.com

- **Zachary T. Shields**
  zachshields@cnmlaw.com,alambert@cnmlaw.com

- **Michael D. Stanger**
  mstanger@cnmlaw.com,kspencer@cnmlaw.com

- **Peggy E. Stone**
  pstone@utah.gov,federalcourt@utah.gov,shaunallen@utah.gov

- **Richard A. Van Wagoner**
  rvanwagoner@scmlaw.com,intakeclerk@scmlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore

require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**Comma delimited list of email addresses that may be used for copying and pasting into your own email program:**

jim@brownbradshaw.com,carol@brownbradshaw.com,michelle@brownbradshaw.com,sclark@joneswaldo.com, msorenson@joneswaldo.com,aarmstrong@joneswaldo.com,gedicksf@lawgate.byu.edu,intakeclerk@scmlaw.com, rharris@joneswaldo.com,khess@joneswaldo.com,randyhunter@utah.gov,jerroldjensen@utah.gov, scornell@utah.gov,kokazaki@joneswaldo.com,rparker@scmlaw.com,bill.richards@azag.gov, connie.lopez@azag.gov,charlotte.haught@azag.gov,bromano@utah.gov,peggywheeler@utah.gov, federalcourt@utah.gov,jlshields@cnmlaw.com,njpotter@cnmlaw.com,zachshields@cnmlaw.com, alambert@cnmlaw.com,mstanger@cnmlaw.com,kspencer@cnmlaw.com,pstone@utah.gov, shaunallen@utah.gov,rvanwagoner@scmlaw.com

(Too many email addresses to create a "mailto" link - more than 256 characters.)